

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 9, 1951

Hon. Jim W. Weatherby
District Attorney
38th Judicial District
Kerrville, Texas

Opinion No. V-1203

Re: Authority of the com-
missioners' court to
open a neighborhood
road under the sub-
mitted facts.

Dear Sir:

Reference is made to your request for our opin-
ion, which reads in part as follows:

"The Commissioners' Court of Bandera
County, Texas, have had presented to them a
petition by ten freeholders, for an order
to establish a neighborhood road through
two tracts of land separately owned, lead-
ing from a public highway through the land
of others to land owned by another party,
under Article 6711, R.C.S. of Texas. This
road is a cul-de-sac, and will primarily
benefit the owner of the land where the
road terminates. This tract of land was
purchased by the present owner and it does
not have a road leading to it. The previous
owner used a road through enclosed land of
another but the road was never established
as a road by the commissioners court. When
the present owner of the land purchased it,
that is, the land through which the road
runs, he would not allow the owner of the
land away from the road to use the road to
get to his land. . . .

"Does the Commissioners Court of Ban-
dera County, Texas have the right to open
this road under Article 6711, R.C.S. of
Texas?

"Does the fact that the road would be
a cul-de-sac and primarily for the benefit
of the owner of the land where the same
terminates, affect their jurisdiction?"

Under additional facts submitted by the County Attorney of Bandera County, it does not appear that any of the petitioners reside within an inclosure and that some of the petitioners reside in the town of Medina and one in San Antonio, while others reside in the vicinity of the proposed road. Therefore, we shall confine our opinion to that part of Article 6711, V.C.S., which relates to a petition by ten freeholders.

Article 6711, V.C.S., provides in part:

"Any lines between different persons or owners of lands, any section line, or any practicable route, that the Commissioners' Court may agree upon, in order to avoid hills, mountains or streams through any and all inclosures, may be declared public highways upon the following conditions:

"1. Ten freeholders, or one or more persons living within an inclosure, who desires a nearer, better or more practicable road to their church, county seat, mill, timber, or water, may make sworn application to the Commissioners' Court for an order establishing such road, designating the lines sought to be opened and the names and residences of the persons or owners to be affected by such proposed road, and stating the facts which show a necessity for such road."

The above statute was originally Section 33 of Chapter 64, Acts 15th Leg., 1876, p. 63. Article 6705, V.C.S. was also a part of the same act (Secs. 6 and 7), and provides as follows:

"The commissioners court shall in no instance grant an order on an application for any new road, or to discontinue an original one, or to alter or change the course of a public road, unless the applicants have given at least twenty days notice by written advertisement of their intended application, posted up at the court house door of the county and at two other public places in the vicinity of the route of such road. All such applications shall be by petition to the commissioners

Hon. Jim W. Weatherby, page 3 (V-1203)

court, signed by at least eight freeholders
in the precinct in which such road is de-
sired to be made or discontinued, specify-
ing in such petition the beginning and
termination of such road, provided an ap-
plication to alter or change a road need
not be signed by more than one freeholder of
the precinct."

Therefore, since both Articles 6705 and 6711
were originally a part of the same act, they should be
construed together. When this is done, we believe that
the ten freeholders referred to in Article 6711 means
freeholders in the road precinct in which the road is
to be established just as it does in Article 6705. How-
ever, in Attorney General's Opinion V-443 (1947), it is
stated:

"It is our opinion that, insofar as any
residence requirement is concerned, 'free-
holders in the precinct' and 'freeholders of
the precinct' must be given the same meaning.
We have concluded that such terms, within
themselves, do not imply that a freeholder
must be a resident of the precinct. Under
the provisions of Article 6705, non-resident
freeholders, having a fee interest in real
estate in the road precinct, are qualified
petitioners."

Under the facts submitted, it is not stated
whether the ten petitioners are freeholders in the road
precinct where the proposed road is to be located. If
they are, the commissioners' court would have jurisdic-
tion in the matter, and should the commissioners' court
determine that such a road would provide "a nearer, bet-
ter or more practicable road to their church, county seat,
mill, timber or water," and that a necessity exists for
the road, it would be authorized to establish such a road
under the provisions of Article 6711.

We believe your second question is answered by
Attorney General's Opinion V-675 (1948), and the fact
that the road would be a cul-de-sac and primarily for the
benefit of the owner of the land where the same terminates
would not affect the commissioners' court's jurisdiction.
We are enclosing a copy of this opinion.

## SUMMARY

The commissioners' court has authority to establish a neighborhood road upon the petition of ten freeholders of the precinct in which the road is to be located if it finds that such road would provide "a nearer, better or more practicable road to church, county seat, mill, timber, or water" and that a necessity exists for the road. Art. 6711, V.C.S.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

BA:mw

Yours very truly,

PRICE DANIEL
Attorney General

By, *Bruce Allen*
    Bruce Allen
        Assistant